| | |
|---|---|
| **Fill in this information to identify the case:** | |
| United States Bankruptcy Court for the: | |
| **Southern District of New York** | |
| (State) | |
| Case number *(if known):* _____    Chapter   **11** | |

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Frontier Communications of Iowa, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **None.** |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | <u>42-1367550</u> |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **401 Merritt 7** | **50 Main Street, Suite 1000** |
| | | Number          Street | Number          Street |
| | | | P.O. Box |
| | | **Norwalk,**          **Connecticut  06851** | **White Plains,**          **New York      10606** |
| | | City          State    Zip Code | City          State    Zip Code |
| | | | **Location of principal assets, if different from principal place of business** |
| | | **Fairfield County** | |
| | | County | Number          Street |
| | | | City          State    Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://frontier.com/** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor    **Frontier Communications of Iowa, LLC**                    Case number *(if known)*    _____
          Name

**7.  Describe debtor's business**

A.  *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5172 - Wireless Telecommunications Carriers (except Satellite)**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.**  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes.    District _____    When _____    Case number _____

          District _____    When _____    Case number _____

| Debtor | **Frontier Communications of Iowa, LLC** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

| | | | |
|---|---|---|---|
| Debtor | **See Rider 1** | Relationship | **Affiliate** |
| District | **Southern District of New York** | When | **04/14/2020** |
| | | | MM / DD / YYYY |
| Case number, if known | | | |

**List all cases. If more than 1, attach a separate list.**

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No.
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

| | |
|---|---|
| Number | Street |

| | | |
|---|---|---|
| City | State | Zip Code |

**Is the property insured?**

☐ No
☐ Yes. Insurance agency

Contact name

Phone

---

█ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☒ More than 100,000 |
| ☐ 200-999 | | |

---

[1] The estimated number of creditors and estimated amounts of assets, and liabilities, are being listed on a consolidated basis for all Debtor affiliates listed on Rider 1, attached hereto.

| Debtor | **Frontier Communications of Iowa, LLC** | Case number *(if known)* | |
| | Name | | |

**15. Estimated assets**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☒ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☒ $10,000,000,001-$50 billion
- ☐ More than $50 billion

████  **Request for Relief, Declaration, and Signatures**

**WARNING --**  Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __04/14/2020__
MM/ DD / YYYY

✗   __/s/ Mark D. Nielsen__                                          Mark D. Nielsen
Signature of authorized representative of debtor          Printed name

Title   **Executive Vice President, Chief Legal Officer, and Chief Transaction Officer**

**18. Signature of attorney**

✗   __/s/ Stephen E. Hessler__                   Date   __04/14/2020__
Signature of attorney for debtor                            MM/ DD/YYYY

**Stephen E. Hessler**
Printed name

**Kirkland & Ellis LLP**
Firm name

**601 Lexington Avenue**
Number                  Street

**New York**                                    **NY**          **10022**
City                                                    State          ZIP Code

**(212) 446-4800**                               **stephen.hessler@kirkland.com**
Contact phone                                    Email address

**4576856**                                        **NY**
Bar number                                          State

<table>
<tr><td>Fill in this information to identify the case:</td></tr>
</table>

United States Bankruptcy Court for the:

**Southern District of New York**

(State)

Case number *(if known)*: _____   Chapter   **11**

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Frontier Communications Corporation.

1. Phone Trends, Inc.
2. Frontier Communications Corporation
3. Citizens Capital Ventures Corp.
4. Citizens Directory Services Company L.L.C.
5. Citizens Louisiana Accounting Company
6. Citizens Newcom Company
7. Citizens Newtel, LLC
8. Citizens Pennsylvania Company LLC
9. Citizens SERP Administration Company
10. Citizens Telecom Services Company L.L.C.
11. Citizens Telecommunications Company of California Inc.
12. Citizens Telecommunications Company of Idaho
13. Citizens Telecommunications Company of Illinois
14. Citizens Telecommunications Company of Minnesota, LLC
15. Citizens Telecommunications Company of Montana
16. Citizens Telecommunications Company of Nebraska
17. Citizens Telecommunications Company of Nebraska LLC
18. Citizens Telecommunications Company of Nevada
19. Citizens Telecommunications Company of New York, Inc.
20. Citizens Telecommunications Company of Oregon
21. Citizens Telecommunications Company of Tennessee L.L.C.
22. Citizens Telecommunications Company of the White Mountains, Inc.
23. Citizens Telecommunications Company of Utah
24. Citizens Telecommunications Company of West Virginia
25. Citizens Utilities Capital L.P.
26. Citizens Utilities Rural Company, Inc.
27. Commonwealth Communication, LLC
28. Commonwealth Telephone Company LLC
29. Commonwealth Telephone Enterprises, LLC
30. Commonwealth Telephone Management Services, Inc.
31. CTE Holdings, Inc.
32. CTE Services, Inc.
33. CTE Telecom, LLC
34. CTSI, LLC
35. CU Capital LLC
36. CU Wireless Company LLC
37. Electric Lightwave NY, LLC
38. Evans Telephone Holdings, Inc.
39. Fairmount Cellular LLC
40. Frontier ABC LLC
41. Frontier California Inc.
42. Frontier Communications - Midland, Inc.
43. Frontier Communications - Prairie, Inc.
44. Frontier Communications - Schuyler, Inc.
45. Frontier Communications Corporate Services Inc.
46. Frontier Communications Northwest Inc.
47. Frontier Communications of America, Inc.
48. Frontier Communications of Ausable Valley, Inc.
49. Frontier Communications ILEC Holdings LLC
50. Frontier Communications of Breezewood, LLC
51. Frontier Communications of Canton, LLC
52. Frontier Communications of Delaware, Inc.
53. Frontier Communications of Depue, Inc.
54. Frontier Communications of Georgia LLC
55. Frontier Communications of Illinois, Inc.
56. Frontier Communications of Indiana LLC
57. Frontier Communications of Iowa, LLC
58. Frontier Communications of Lakeside, Inc.
59. Frontier Communications of Lakewood, LLC
60. Frontier Communications of Michigan, Inc.
61. Frontier Communications of Minnesota, Inc.
62. Frontier Communications of Mississippi LLC
63. Frontier Communications of Mt. Pulaski, Inc.
64. Frontier Communications of New York, Inc.
65. Frontier Communications of Orion, Inc.
66. Frontier Communications of Oswayo River LLC
67. Frontier Communications of Pennsylvania, LLC
68. Frontier Communications of Rochester, Inc.
69. Frontier Communications of Seneca-Gorham, Inc.
70. Frontier Communications of Sylvan Lake, Inc.
71. Frontier Communications of the Carolinas LLC
72. Frontier Communications of the South, LLC
73. Frontier Communications of the Southwest Inc.
74. Frontier Communications of Thorntown LLC
75. Frontier Communications of Virginia, Inc.
76. Frontier Communications of Wisconsin LLC
77. Frontier Communications Online and Long Distance Inc.
78. Frontier Communications Services Inc.
79. Frontier Directory Services Company, LLC
80. Frontier Florida LLC
81. Frontier Infoservices Inc.
82. Frontier Midstates Inc.
83. Frontier Mobile LLC
84. Frontier North Inc.
85. Frontier Security Company
86. Frontier Services Corp.
87. Frontier Southwest Incorporated
88. Frontier Subsidiary Telco LLC
89. Frontier Techserv, Inc.
90. Frontier Telephone of Rochester, Inc.
91. Frontier Video Services Inc.
92. Frontier West Virginia Inc.
93. GVN Services
94. N C C Systems, Inc.
95. Navajo Communications Co., Inc.
96. Newco West Holdings LLC
97. Ogden Telephone Company
98. Rhinelander Telecommunications, LLC
99. Rib Lake Cellular for Wisconsin RSA #3, Inc.
100. Rib Lake Telecom, Inc.
101. SNET America, Inc.
102. TCI Technology & Equipment LLC
103. The Southern New England Telephone Company
104. Total Communications, Inc.

Fill in this information to identify the case:

Debtor Name:  Frontier Communications Corporation, *et al.*

United States Bankruptcy Court for the:  Southern District of New York

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: Amended List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders[A]   12/15**

**A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 1 | BNY Mellon as Agent for 11.000% Senior Notes due 2025 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 11.000% Senior Notes due 2025 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $3,600,000,000.00 |
| 2 | BNY Mellon as Agent for 10.500% Senior Notes due 2022 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 10.500% Senior Notes due 2022 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $2,187,537,000.00 |
| 3 | BNY Mellon as Agent for 9.000% Senior Notes due 2031 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 9.000% Senior Notes due 2031 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $945,325,000.00 |

---

[A] On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

Debtor  Frontier Communications Corporation, *et al.* _____    Case number (if known) _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4 | BNY Mellon as Agent for 7.125% Senior Notes due 2023 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 7.125% Senior Notes due 2023 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $850,000,000.00 |
| 5 | BNY Mellon as Agent for 6.875% Senior Notes due 2025 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 6.875% Senior Notes due 2025 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $775,000,000.00 |
| 6 | BNY Mellon as Agent for 7.625% Senior Notes due 2024 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 7.625% Senior Notes due 2024 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $750,000,000.00 |
| 7 | BNY Mellon as Agent for 8.750% Senior Notes due 2022 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 8.750% Senior Notes due 2022 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $500,000,000.00 |
| 8 | BNY Mellon as Agent for 7.875% Senior Notes due 2027 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 7.875% Senior Notes due 2027 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $345,858,000.00 |
| 9 | US Bank as Agent for 6.860% Subsidiary (FTR FL) Debentures due 2028 Laura Moran 1 Federal St., EX-MA-FED Boston MA 02110  Clark Whitmore Maslon LLP 90 S. 7th St., Suite 3300 Minneapolis, MN 55402 | US Bank as Agent for 6.860% Subsidiary (FTR FL) Debentures due 2028 Laura Moran Phone: Fax: Email: laura.moran@usbank.com  Clark Whitmore Phone: 612-672-8335 Fax: 612-642-8335 Email: clark.whitmore@maslon.com | Unsecured Noteholder | | | | $300,000,000.00 |
| 10 | BNY Mellon as Agent for 6.250% Senior Notes due 2021 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 6.250% Senior Notes due 2021 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $219,721,000.00 |

Debtor Frontier Communications Corporation, *et al.* _____    Case number (if known) _____
      Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | US Bank as Agent for 6.750% Subsidiary (FTR CA) Debenture due 2027 Ralph Jones Two Liberty Place 50 South 16th Street, Suite 2000 Philadelphia, PA 19102 | US Bank as Agent for 6.750% Subsidiary (FTR CA) Debenture due 2027 Ralph Jones Phone: 215-761-9314 Fax: Email: Ralph.Jones@usbank.com | Unsecured Noteholder | | | | $200,000,000.00 |
| 12 | US Bank as Agent for 6.730% Subsidiary (FTR North) Debentures due 2028 Laura Moran 1 Federal St., EX-MA-FED Boston MA 02110 Clark Whitmore Maslon LLP 90 S. 7th St., Suite 3300 Minneapolis, MN 55402 | US Bank as Agent for 6.730% Subsidiary (FTR North) Debentures due 2028 Laura Moran Phone: Fax: Email: laura.moran@usbank.com Clark Whitmore Phone: 612-672-8335 Fax: 612-642-8335 Email: clark.whitmore@maslon.com | Unsecured Noteholder | | | | $200,000,000.00 |
| 13 | BNY Mellon as Agent for 7.050% Debentures due 2046 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 7.050% Debentures due 2046 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $193,500,000.00 |
| 14 | BNY Mellon as Agent for 8.500% Senior Notes due 2020 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 8.500% Senior Notes due 2020 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $172,087,000.00 |
| 15 | BNY Mellon as Agent for 7.000% Debentures due 2025 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 7.000% Debentures due 2025 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $138,000,000.00 |
| 16 | BNY Mellon as Agent for 7.450% Debentures due 2035 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 7.450% Debentures due 2035 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $125,000,000.00 |
| 17 | BNY Mellon as Agent for 9.250% Senior Notes due 2021 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 9.250% Senior Notes due 2021 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $89,269,000.00 |

Debtor <u>Frontier Communications Corporation, *et al.*</u>                    Case number (if known) _____

       Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | BNY Mellon as Agent for 8.875% Senior Notes due 2020 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 8.875% Senior Notes due 2020 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $54,643,000.00 |
| 19 | US Bank as Agent for 8.400% Subsidiary (FTR WV) Debenture due 2029 Ralph Jones Two Liberty Place 50 South 16th Street, Suite 2000 Philadelphia, PA  19102 | US Bank as Agent for 8.400% Subsidiary (FTR WV) Debenture due 2029 Ralph Jones Phone: 215-761-9314 Fax: Email: Ralph.Jones@usbank.com | Unsecured Noteholder | | | | $50,000,000.00 |
| 20 | PeopleScout MSP LLC Ruth Baehr 32487 Collection Drive Chicago, IL 60693-0487 | PeopleScout MSP LLC Ruth Baehr Phone: 260-436-3802 Fax: Email: RBAEHR@PEOPLESCOUT.COM | Trade Vendor | | | | $5,307,235.75 |
| 21 | Plaintiffs of California Wage & Hour Class Action Peter R. Dion-Kindem 2945 Townsgate Rd., Suite 200 Westlake Village, CA 91361  Lonnie C. Blanchard 3579 East Foothill Blvd., Suite 338 Pasadena, CA 91107  Andrew Sokolowski 1230 Rosecrans Ave., Suite 200 Manhattan Beach, CA 90266  Ryan Crist 43364 10th Street West Lancaster, CA 93934 | Plaintiffs of California Wage & Hour Class Action Peter R. Dion-Kindem Phone: 818-883-4900 Fax: 838-883-4902 Email: Peter@dion-kindemlaw.com  Lonnie C. Blanchard Phone: 213–599-8255 Fax: 213-402-3949 Email: lonnieblanchard@gmail.com  Andrew Sokolowski Phone: 310-531-1900 Fax: 310-531-1901 Email: asokolowski@maternlawgroup.com  Ryan Crist Phone: 661-949-2495 Fax: 661-949-7524 Email: Rcrist@parrislawyers.com | Litigation/ Settlement | | | | $4,700,000.00 |
| 22 | AT&T Sally Ann Thomas 220 Wisconsin Ave Flr 2 Waukesha, WI 53186 | AT&T Sally Ann Thomas Phone: 312-369-9119 Fax: Email: SALLYANN.THOMAS@ATT.COM | Trade Vendor | | | | $2,618,959.39 |

Debtor Frontier Communications Corporation, *et al.* _____    Case number (if known) _____
          Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23 | Broadridge Customer Comm LLC AR 5516 Collections Center Dr Chicago, IL 60693-0055 | Broadridge Customer Comm LLC AR Phone: 631-254-7422 Fax: Email: BRCC.REMITTANCE@BROADRIDGE.COM | Trade Vendor | | | | $2,190,361.12 |
| 24 | USIC Locating Services LLC Elisabeth Owen Premier Services LLC PO Box 713359 Cincinnati, OH 45271 | USIC Locating Services LLC Elisabeth Owen Phone: 317-810-8256 Fax: 317-575-7881 Email: ACCOUNTSRECEIVABLE@USICLLC.COM | Trade Vendor | | | | $2,130,756.22 |
| 25 | Anixter Inc Amelia Kelly Expense PO Box 278 Morton Grove, IL 60053-0278 | Anixter Inc Amelia Kelly Phone: 678-546-2769 Fax: Email: CASHDEPARTMENT@ANIXTER.COM | Trade Vendor | | | | $1,811,022.41 |
| 26 | BNY Mellon as Agent for 6.800% Debentures Due 2026 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 6.800% Debentures Due 2026 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $1,739,000.00 |
| 27 | Nokia of America Corporation Selina Siu PO Box 911476 Accounts Receivable Dallas, TX 75391-1476 | Nokia of America Corporation Selina Siu Phone: 613-784-3533 Fax: +358 10 44 81 002 Email: PANKAJ.9.KUMAR.EXT@NOKIA.COM | Trade Vendor | | | | $1,454,414.05 |
| 28 | OneSupport Ryan Lommel PO Box 2479 San Marcos, TX 78667-2479 | OneSupport Ryan Lommel Phone: 800-580-3355 Fax: Email: Ryan.lommel@onesupport.com | Trade Vendor | | | | $1,345,491.53 |
| 29 | Contec LLC Bibi Ramoutar 1011 State St Schenectady, NY 12307 | Contec LLC Bibi Ramoutar Phone: 518-831-1466 Fax: 518-382-8452 Email: BRAMOUTAR@GOCONTEC.COM | Trade Vendor | | | | $1,239,634.02 |

Debtor Frontier Communications Corporation, *et al.*                          Case number (if known) _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30 | System One Holdings LLC Michelle Banville PO Box 644722 Pittsburgh, PA 15264-4722 | System One Holdings LLC Michelle Banville Phone: 207-482-7017 Fax: 412-995-1901 Email: MBANVILLE@MOUNTAINLTD.COM | Trade Vendor | | | | $990,021.72 |
| 31 | Dixon Schwabl Advertising Inc Judy Mcdade 1595 Moseley Rd Victor, NY 14564 | Dixon Schwabl Advertising Inc Judy Mcdade Phone: 585-899-3228 Fax: 585-383-1661 Email: JUDY@DIXONSCHWABL.COM | Trade Vendor | | | | $966,191.97 |
| 32 | F Secure Inc Kelly Sheppard 25 Independence Blvd, Ste 203 Warren, NJ 07059 | F Secure Inc Kelly Sheppard Phone: 908-432-9934 Fax: 908 935 0560 Email: KELLY.SHEPPARD@F-SECURE.COM | Trade Vendor | | | | $900,827.68 |
| 33 | Scansource Catalyst Damien Means Attn:J Guardado Or A Hogan 250 Scientific Dr Ste 300 Norcross, GA 30092 | Scansource Catalyst Damien Means Phone: 864-286-4406 Fax: 864-288-5515 Email: DAMIEN.MEANS@SCANSOURCE.COM | Trade Vendor | | | | $878,818.09 |
| 34 | Coriant North America Inc Melanie Ivanic 13884 Collections Ctr Dr Chicago, IL 60693 | Coriant North America Inc Melanie Ivanic Phone: 630-798-4135 Fax: Email: CUSTOMER-REMIT@INFINERA.COM | Trade Vendor | | | | $854,579.46 |
| 35 | Automotive Rentals Mike Blatnic 50 Glenlake Parkway Suite 230 Atlanta, GA 30328 | Automotive Rentals Mike Blatnic Phone: 678-557-7803 Fax: Email: MBLATNIC@ARIFLEET.COM | Trade Vendor | | | | $839,911.83 |
| 36 | Arris Solutions Inc Martha Stoudt 3871 Lakefield Drive Suwanee, GA 30024 | Arris Solutions Inc Martha Stoudt Phone: 215-323-1540 Fax: Email: CASHPOSTING@COMMSCOPE.COM | Trade Vendor | | | | $818,863.96 |

Debtor Frontier Communications Corporation, *et al.*_____    Case number (if known) _____

Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 37 | J H Sultenfuss Inc Michael Sultenfuss 4401 W Crest Ave Tampa, FL 33614-6427 | J H Sultenfuss Inc Michael Sultenfuss Phone: 813-871-9600 Fax: 813-873-1164 Email: JHSULTENFUSSGC1@VERIZON.NET | Trade Vendor | | | | $781,254.20 |
| 38 | Certified Roofing Applicators Ani Kaprielian 11914 Front St Ste C Norwalk, CA 90650 | Certified Roofing Applicators Ani Kaprielian Phone: 562-864-8662 Fax: Email: ANIKAPRIELIAN@AOL.COM | Trade Vendor | | | | $749,950.13 |
| 39 | Actiontec Electronics Inc Tong Khuc 3301 Olcott St Santa Clara, CA 95054 | Actiontec Electronics Inc Tong Khuc Phone: 408-548-4762 Fax: 408-541-9003 Email: TKHUC@ACTIONTEC.COM | Trade Vendor | | | | $734,268.00 |
| 40 | Dura Line Corporation Danielle Barry 4296 Paysphere Cr Chicago, IL 60674 | Dura Line Corporation Danielle Barry Phone: 865-223-5056 Fax: 865-223-5085 Email: AR@DURALINE.COM | Trade Vendor | | | | $719,053.28 |
| 41 | Asurion Amy Bellucci Rachel Jennings PO Box 111417 Nashville, TN 37222-1417 | Asurion Amy Bellucci Phone: Fax: 615-445-3348 Email: AMY.BELLUCCI@ASURION.COM | Trade Vendor | | | | $703,242.25 |
| 42 | BNY Mellon as Agent for 7.680% Debentures Due 2034 Ray O'Neil 500 Ross St. 12th Floor Pittsburgh, PA 15262 | BNY Mellon as Agent for 7.680% Debentures Due 2034 Ray O'Neil Phone: 412-236-1201 Fax: 412-234-7535 Email: raymond.k.oneil@bnymellon.com | Unsecured Noteholder | | | | $628,000.00 |
| 43 | Schindler Elevator Corporation Mark Ahern PO Box 70433 Chicago, IL 60673-0433 | Schindler Elevator Corporation Mark Ahern Phone: 312-771-8441 Fax: 973-397-3619 Email: CASH-APP@US.SCHINDLER.COM | Trade Vendor | | | | $621,741.17 |

Debtor <u>Frontier Communications Corporation, *et al.*</u>                    Case number (if known) _____
       Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 44 | F J Hubeny Inc Bill Preece PO Box 525 Milldale, CT 06467 | F J Hubeny Inc Bill Preece Phone: 860-628-5509 Fax: 860-621-1454 Email: BPREECE@FJHUBENY.COM | Trade Vendor | | | | $537,636.48 |
| 45 | Custom Janitorial Maint Corp Richard Sanchez PO Box 269 Port Hueneme, CA 93044-0269 | Custom Janitorial Maint Corp Richard Sanchez Phone: 805-486-8626 Fax: 805-981-9076 Email: RICHARDCUSJAN269@AOL.COM | Trade Vendor | | | | $485,809.00 |
| 46 | Group O Inc Darla Zrostlik PO Box 860146 Minneapolis, MN 55486-0146 | Group O Inc Darla Zrostlik Phone: 309-736-8742 Fax: 309-736-8301 Email: GROUPOACCOUNTING@GROUPO.COM | Trade Vendor | | | | $479,854.04 |
| 47 | AT&T Mobility II LLC Ken Davis 10640 Sepulveda Bl Unit 1 Mission Hills, CA 91345 | AT&T Mobility II LLC Ken Davis Phone: 205-678-7386 Fax: Email: KEVIN.DAVIS4@ATT.COM | Trade Vendor | | | | $478,048.11 |
| 48 | A To Z Call Center Services LP Brent Riley 6080 Tennyson Pkwy, Ste 100 Plano, TX 75024 | A To Z Call Center Services LP Brent Riley Phone: 972-862-4225 Fax: Email: ARGROUP@THECMIGROUP.COM | Trade Vendor | | | | $477,030.90 |
| 49 | Mitel Networks Inc Jessica Mcmannis 885 Trademark Drive Reno, NV 89521-5943 | Mitel Networks Inc Jessica Mcmannis Phone: 775-954-1244 Fax: 800-814-5860 Email: WHOLESALECOLLECTIONS@MITEL.COM | Trade Vendor | | | | $469,100.52 |
| 50 | Track Utilities LLC Brenda Anderson 441 W Corporate Dr Meridian, ID 83642 | Track Utilities LLC Brenda Anderson Phone: 208-362-1780 Fax: 208-362-1788 Email: REMIT@TRACKUTILITIESLLC.COM | Trade Vendor | | | | $431,042.78 |

Official Form 204          **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRONTIER COMMUNICATIONS OF IOWA, LLC, | ) Case No. 20-[#####] (RDD) |
| | ) |
| Debtor. | ) |
| | ) |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Frontier Communications of Iowa, LLC | Frontier Communications Corporation | 401 Merritt 7 Norwalk, CT 06851 Fairfield County | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FRONTIER COMMUNICATIONS OF IOWA, LLC, | Case No. 20-[#####] (RDD) |
| Debtor. | |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Frontier Communications Corporation | 100% |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name        **Frontier Communications of Iowa, LLC** | |
| United States Bankruptcy Court for the:        **Southern District of New York** | |
| | (State) |
| Case number (If known): | |

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended *Schedule*

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*[1]

☒   Other document that requires a declaration_____    **List of Equity Security Holders, Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | 04/14/2020 | ☒ /s/ Mark D. Nielsen |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Mark D. Nielsen** |
| | | Printed name |
| | | **Executive Vice President, Chief Legal Officer, and Chief Transaction Officer** |
| | | Position or relationship to debtor |

Official Form 202                **Declaration Under Penalty of Perjury for Non-Individual Debtors**

---

[1]    In lieu of filing an individual list of the debtor's top twenty unsecured, non-insider creditors as set forth on Official Form 204, the debtor and its affiliates have requested authority to file a consolidated list of their top fifty unsecured, non-insider creditors as more fully set forth in the *Debtors' Motion for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs; (II) Waiving Requirements to File Lists of Equity Holders; and (III) Granting Related Relief.*

# OFFICER'S CERTIFICATE

**April 14, 2020**

The undersigned, solely in her capacity as the Secretary of each of the entities listed on Schedule 1 through Schedule 3 and the Assistant Secretary of the entity listed on Schedule 4, in each case as attached to **Exhibit A** attached hereto (each, a "Company," and collectively, the "Companies"), solely in the name and on behalf of each Company, and not in her individual or any other capacity, and without personal liability, hereby certifies that attached hereto as **Exhibit A** is a true, correct, and complete copy of the resolutions duly adopted by the board of directors, board of managers, members, and sole member (each, a "Board," and collectively, the "Boards"), as applicable, of each Company.  Such resolutions are the only resolutions relating thereto and have not been amended, rescinded, modified, or revoked since the date of adoption thereof, and are in full force and effect on the date hereof.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date above first written.

By: _____

Name:   Anne Meyer

Title:    Secretary

**BEING THE SECRETARY OF EACH ENTITY LISTED ON SCHEDULE 1 THROUGH SCHEDULE 3**

By: _____

Name:   Anne Meyer

Title:    Assistant Secretary

**BEING THE ASSISTANT SECRETARY OF THE ENTITY LISTED ON SCHEDULE 4**

**Exhibit A**

**EXECUTION VERSION**

**PROPOSED OMNIBUS RESOLUTIONS OF THE
BOARDS OF THE COMPANIES LISTED ON THE SCHEDULES HERETO**

**April 14, 2020**

The members of the board of directors, members of the board of managers, members, and sole member (each, a "Board," and collectively, the "Boards"), as applicable, of each entity listed on **Schedule 1** through **Schedule 4** attached hereto (each, a "Company" and collectively, the "Companies"), hereby take the following actions and adopt the following resolutions, as applicable, pursuant to the bylaws, operating agreement, limited partnership agreement, limited liability company agreement, or equivalent document, as applicable, of each Company and the applicable laws of the jurisdiction in which such Company is organized:

WHEREAS, on April 10, 2020, the respective Board of each Company approved the entry of such Company into a restructuring support agreement (the "RSA") by and among (i) each Company and (ii) certain senior unsecured noteholders of Frontier Communications Corporation, a Delaware corporation ("Frontier"), which contemplates a comprehensive restructuring of each Company on the terms set forth therein (the "Restructuring Transactions");

WHEREAS, the RSA contemplates, among other things, (i) the incurrence of debtor-in-possession financing obligations (the "DIP Financing"), (ii) the filing of a voluntary petition for relief by each Company (each, a "Chapter 11 Case," and collectively, the "Chapter 11 Cases"), and (iii) the entry into a credit agreement for an exit facility upon emergence from the Chapter 11 Cases (the "Exit Financing");

WHEREAS, the respective members of each Company's management team and its advisors have apprised such Board of the key terms of the RSA, the DIP Financing, and the Exit Financing, and such Board has had the opportunity to review the forms or key terms of such documents;

WHEREAS, the respective Board of each Company considered presentations by management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available, and the effect of the foregoing on such Company's businesses and the businesses of such Company's subsidiaries (if any) and affiliates;

WHEREAS, the respective Board of each Company has had the opportunity to consult with management and the financial and legal advisors of such Company and to fully consider each of the strategic alternatives available to such Company; and

WHEREAS, the respective Board of each Company has determined, in the business judgment of such Board, that the following resolutions, as applicable, are advisable and in the best interests of such Company, its subsidiaries (if any), its creditors, and other parties-in-interest.

**Chapter 11 Filing**

NOW, THEREFORE, BE IT:

RESOLVED, that in the business judgment of the respective Board of each Company and based on the recommendation from the management and advisors of the Companies, it is desirable and in the best interests of each Company, its creditors, and other parties-in-interest that such Company shall be, and hereby is, authorized to file or cause to be filed its Chapter 11 Case under the chapter 11 reorganization provisions of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the

United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") or other court of competent jurisdiction; and

RESOLVED, that each of the President (with respect to each Company on **Schedule 1** through **Schedule 3**), the Chief Executive Officer, the Chief Financial Officer, the Chief Transaction Officer, the Secretary (with respect to each Company on **Schedule 1** through **Schedule 3**), the Assistant Secretary (with respect to the Company on **Schedule 4**), and any other officer designated by the Chief Executive Officer or Chief Financial Officer, of each Company (each, an "<u>Authorized Officer</u>" and, collectively, the "<u>Authorized Officers</u>"), acting alone or with one or more other Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of such Company all petitions, schedules, lists, and other motions, objections, replies, applications, papers, or documents, and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of such Company's businesses or to assist such Company in the Chapter 11 Cases and in carrying out its duties under the provisions of the Bankruptcy Code.

## Retention of Professionals

NOW, THEREFORE, BE IT:

RESOLVED, that each of the Authorized Officers of each Company, acting alone or with one or more other Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, empowered, and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "<u>Kirkland</u>"), as general bankruptcy counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland in accordance with applicable law;

RESOLVED, that each of the Authorized Officers of each Company, acting alone or with one or more other Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, empowered, and directed to employ the firm of Evercore Group L.L.C. ("<u>Evercore</u>"), as financial advisor and investment banker, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Evercore in accordance with applicable law;

RESOLVED, that each of the Authorized Officers of each Company, acting alone or with one or more other Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, empowered, and directed to employ the firm of FTI Consulting, Inc. ("<u>FTI</u>"), as restructuring advisor, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain FTI in accordance with applicable law;

RESOLVED, that each of the Authorized Officers of each Company, acting alone or with one or more other Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, empowered, and directed to employ the firm of Communication Media Advisors, LLC ("<u>CMA</u>"), as

telecom services consultant, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain CMA in accordance with applicable law;

RESOLVED, that each of the Authorized Officers of each Company, acting alone or with one or more other Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, empowered, and directed to employ the firm of KPMG LLP ("KPMG"), as auditors and tax consultants, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain KPMG in accordance with applicable law;

RESOLVED, that each of the Authorized Officers of each Company, acting alone or with one or more other Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, empowered, and directed to employ the firm of Prime Clerk LLC ("Prime Clerk"), as notice and claims agent, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Prime Clerk in accordance with applicable law;

RESOLVED, that each of the Authorized Officers of each Company, acting alone or with one or more other Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, empowered, and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

RESOLVED, that each of the Authorized Officers of each Company, acting alone or with one or more other Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, objections, replies, applications, pleadings, lists, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, investment bankers, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of the case.

### Interim Order, Final DIP Order, and Adequate Protection

WHEREAS, each Company will obtain benefits from the DIP Financing; and

WHEREAS, in order to use and obtain the benefits of the DIP Financing, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to those certain prepetition secured lenders (collectively, the "Secured Lenders") party to (i) that certain First Amended and Restated Credit Agreement, dated as of February 27, 2017 (as amended, restated, amended and restated, modified, or supplemented from time to time), by and among Frontier, as borrower, the subsidiary guarantors party thereto, JPMorgan Chase Bank, N.A., in its capacity as administrative agent, and the

lenders thereto, (ii) that certain Indenture, dated as of March 15, 2019 (as amended, restated, amended and restated, modified, or supplemented from time to time), by and among Frontier, as issuer, the subsidiary guarantors party thereto, JPMorgan Chase Bank, N.A., in its capacity as collateral agent, and The Bank of New York Mellon, in its capacity as trustee, and (iii) that certain Indenture, dated as of March 19, 2018 (as amended, restated, amended and restated, modified, or supplemented from time to time), by and among Frontier, as issuer, the subsidiary guarantors party thereto, and The Bank of New York Mellon, in its capacity as trustee and collateral agent (the "Adequate Protection Obligations"), as documented in the proposed *Interim Order (A) Granting Adequate Protection to the Prepetition Secured Parties, (B) Modifying the Automatic Stay, (C) Scheduling a Final Hearing, and (D) Granting Related Relief* and proposed final order (respectively, the "Interim Order" and the "Final DIP Order") and submitted for approval to the Bankruptcy Court.

NOW, THEREFORE, BE IT:

RESOLVED, that the form, terms, and provisions of the Interim Order and Final DIP Order to which each Company is or will be subject, as applicable, and the actions and transactions contemplated thereby are authorized, adopted, and approved, and each of the Authorized Officers of each Company, acting alone or with one or more other Authorized Officers, with power of delegation, be, and each of them hereby is, authorized and empowered, in the name of and on behalf of such Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim Order and the Final DIP Order, as applicable, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the Final DIP Order, the "DIP Order Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Boards, with such changes, additions, and modifications thereto as the Authorized Officer of such Company executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof;

RESOLVED, that each Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations, and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Order Documents (collectively, the "DIP Order Transactions"), including granting liens on its assets to secure such obligations;

RESOLVED, that each of the Authorized Officers of each Company, acting alone or with one or more other Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of such Company, as a debtor and debtor in possession, to take such actions as in his or her discretion is determined to be necessary, desirable, or appropriate and execute the DIP Order Transactions, including delivery of:  (a) the DIP Order Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Order Documents (collectively, the "DIP Order Financing Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the agents; and (c) such forms of account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Order Documents or any other DIP Order Financing Document;

RESOLVED, that each of the Authorized Officers of each Company, acting alone or with one or more other Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of such Company, to file or to authorize the agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any

intellectual property filings and recordation and any necessary assignments for security or other documents in the name of such Company that the agents deem necessary or appropriate to perfect any lien or security interest granted under the Interim Order and the Final DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of such Company and such other filings in respect of intellectual and other property of such Company, in each case as the agents may reasonably request to perfect the security interests of the agents under the Interim Order and the Final DIP Order; and

RESOLVED, that each of the Authorized Officers of each Company, acting alone or with one or more other Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of such Company, to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Order Transactions and all fees and expenses incurred by or on behalf of such Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Order Financing Documents, which shall in their sole judgment be necessary, proper, or advisable to perform such Company's obligations under or in connection with the Interim Order and the Final DIP Order or any of the other DIP Order Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## Debtor-In-Possession Financing

WHEREAS, on April 14, 2020, Frontier, certain domestic subsidiaries of Frontier party thereto as guarantors and certain other commitment parties party thereto entered into a binding Commitment Letter (the "Commitment Letter") that contemplates the terms and conditions of the DIP Financing and Exit Financing and attaches as an exhibit the form Senior Secured Superpriority Debtor-In-Possession Credit Agreement, among Frontier, as the borrower and a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code, Goldman Sachs Bank USA, as administrative agent (the "DIP Agent"), and the lenders from time to time party thereto (the "DIP Lenders") (the "DIP Financing Credit Agreement"), to become effective upon entry of the Final DIP Order;

WHEREAS, Frontier has requested that the DIP Lenders provide senior secured debtor-in-possession credit facilities (the "DIP Facilities") to Frontier pursuant to the DIP Financing Credit Agreement that are automatically convertible into a secured exit facility upon the satisfaction (or waiver) of certain conditions in the DIP Financing Credit Agreement;

WHEREAS, Frontier and each Company listed on **Schedule 2** attached hereto (each, a "Loan Party," and collectively, the "Loan Parties") will obtain benefits from the incurrence of the DIP Obligations (as defined herein), and it is advisable and in the best interest of each Loan Party to enter into the DIP Loan Documents (as defined herein), and to perform its obligations thereunder; and

WHEREAS, the obligations of the DIP Lenders to make the extensions of credit to Frontier under the DIP Facilities is subject to, among other things, Frontier having entered into the Commitment Letter and entering into the DIP Financing Credit Agreement with the DIP Agent and the DIP Lenders (collectively, with any other documents and agreements related thereto or contemplated thereunder, including any documents, instruments, or certificates as may be reasonably required by the DIP Agent, the "DIP Loan Documents"), and otherwise satisfying certain conditions in connection therewith (the obligations thereunder, the "DIP Obligations").

NOW, THEREFORE, BE IT:

RESOLVED, that the DIP Financing and the form, terms, and provisions of the DIP Loan Documents of each Loan Party, and the transactions contemplated thereunder (including, without limitation, the borrowings and the incurrence of the DIP Obligations thereunder), and the guaranties, liabilities, obligations, security interest granted, and notes issued, if any, in connection therewith, be and hereby are authorized, adopted, and approved, subject to such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof;

RESOLVED, that each Loan Party will obtain benefits from the DIP Financing and its entry into the DIP Loan Documents and incurrence and performance of the DIP Obligations thereunder, and it is advisable and in the best interests of each Loan Party to enter into the DIP Loan Documents, and to perform its obligations thereunder;

RESOLVED, that each Loan Party shall be, and hereby is, authorized to enter into the DIP Loan Documents and incur the DIP Obligations, and each of the Authorized Officers of each Loan Party, acting alone or with one or more Authorized Officers of such Loan Party, be, and each of them hereby is, authorized and empowered, in the name and on behalf of such Loan Party, to execute and deliver the DIP Loan Documents, with such changes, additions, and modifications thereto as such Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof;

RESOLVED, that each of the Authorized Officers of each Loan Party, as applicable, acting alone or with one or more Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, in the name and on behalf of such Loan Party, to take all such further actions, or cause all such further actions to be taken and to execute and deliver all such further agreements, documents, instruments, certificates recordings, and filings, in the name and on behalf of such Loan Party and under its corporate seal or otherwise, as in the determination of such Authorized Officer shall be necessary, proper, or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions and to consummate the transactions contemplated thereby, such authority to be conclusively evidenced by the execution of any document or the taking of any such action by such Authorized Officer.

RESOLVED, that each of the Authorized Officers of each Loan Party, as applicable, acting alone or with one or more Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, in the name and on behalf of such Loan Party, to enter into any guarantees as described or contemplated by the DIP Loan Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment, any incremental agreement, or any other amendment required to consummate the transactions contemplated by the DIP Loan Documents and perform its obligations thereunder and to guarantee the payment and performance of the DIP Obligations of Frontier and any other guarantor thereunder;

RESOLVED, that each of the Authorized Officers of each Loan Party, as applicable, acting alone or with one or more Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, empowered, and directed in the name of, and on behalf of, such Loan Party to seek authorization to incur the DIP Obligations and to seek approval of the use of cash collateral pursuant to the postpetition Final DIP Order, and any Authorized Officer, with power of delegation, be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of such Loan Party, necessary to implement the postpetition financing, including the Adequate Protection Obligations to the Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Loan Documents

and the use of cash collateral in connection with each Loan Party's Chapter 11 Cases, which agreements may require each Loan Party to grant adequate protection and liens to the Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Loan Party pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

RESOLVED, that each of the Authorized Officers of each Loan Party or other officer of each Loan Party, as applicable, acting alone or with one or more Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of such Loan Party, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Loan Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Loan Party is or will be a party or any order entered into in connection with the Chapter 11 Cases (together with the DIP Loan Documents, the "DIP Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Officer executing the same shall approve;

RESOLVED, that each Loan Party, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Financing Documents, including granting liens on its assets to secure such obligations; and

RESOLVED, that each of the Authorized Officers of each Loan Party, as applicable, acting alone or with one or more Authorized Officers, with power of delegation, be, and each of them hereby is, authorized, empowered, and directed in the name of, and on behalf of, such Loan Party, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the DIP Financing Documents or to do such other things which shall in his or her sole judgment be necessary, desirable, proper, or advisable in order to perform such Loan Party's DIP Obligations and to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her or their execution thereof.

## Exit Financing

WHEREAS, the respective Board of each Company deems it advisable and in the best interests of such Company, its creditors and other parties-in-interest that such Company enter into a certain credit agreement in connection with emergence from its Chapter 11 Case (the "Exit Financing Credit Agreement") and grant security interests and/or guarantees in relation thereto, whereby the DIP Financing Credit Agreement and the DIP Financing thereto is automatically converted into the Exit Financing Credit Agreement and the Exit Financing thereto upon the satisfaction (or waiver) of certain conditions, for the purposes of providing ongoing financing to the Companies via a revolving loan facility;

WHEREAS, each Company, by entering into the Exit Financing, will receive direct and indirect benefits from the transactions contemplated by the Exit Financing Credit Agreement, the terms and conditions of which were negotiated in a prepetition Exit Financing term sheet and have been previously reviewed by the respective Board of each Company and consequently, such Company desires to enter into (i) the Exit Financing Credit Agreement, (ii) any related documents, and (iii) to the extent such Company is a party thereto, the Additional Credit Documents (as defined below) (collectively, the "Exit Financing Credit Documents") and the transactions contemplated thereby; and

WHEREAS, the respective Board of each Company deems the execution and delivery of the Exit Financing Credit Documents and the transactions consummated thereby, to be desirable, advisable, and in the bests interests of such Company.

NOW, THEREFORE, BE IT:

RESOLVED, that the execution and delivery of the Exit Financing Credit Documents (and the incurrence of the obligations thereunder) by each Company, as applicable, in the form substantially consistent with the Exit Financing term sheet previously submitted to the respective Board of such Company, and the consummation of the transactions contemplated thereunder by such Company, including (i) the execution, delivery and performance of all other agreements, instruments, documents, notices, or certificates constituting exhibits to or that may be required, necessary, appropriate, desirable, or advisable to be executed and delivered pursuant to the Exit Financing Credit Documents or otherwise permitted thereunder or related thereto, including interest rate, currency, or commodity hedging arrangements (each, an "Additional Credit Document" and collectively, the "Additional Credit Documents"), (ii) any granting of security interests and/or guarantees in relation thereto, and (iii) the making of representations and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved, and that each of the Authorized Officers of each Company, as applicable, acting alone or with one or more Authorized Officers, with power of delegation, be, and each of them hereby is, severally authorized, empowered, and directed in the name of, and on behalf of, such Company, to execute and deliver each Exit Financing Credit Document to which such Company is a party, with such changes therein and additions thereto as any such Authorized Officer, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable, or desirable, the execution and delivery of such Exit Financing Credit Documents and with any changes thereto by any such Authorized Officer, to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard;

RESOLVED, that, as used herein, the term "Additional Credit Documents" shall include, but not be limited to any intercreditor agreements and all other documents, certificates, or agreements necessary, proper, or advisable to consummate the transactions contemplated by the Exit Financing Credit Documents, including, without limitation, any note, fee letter, guarantee agreement, security agreement, mortgage, pledge, intellectual property security interest agreement, intellectual property security agreement, or other documentation similar to any of the foregoing; and

RESOLVED, that each of the Authorized Officers of each Company, as applicable, acting alone or with one or more Authorized Officers, with power of delegation, be, and each of them hereby is, severally authorized in the name of, and on behalf of, such Company, to take all actions including, without limitation, (i) the negotiation, execution, delivery, and filing of any agreements, certificates, instruments, or documents (including mortgages, financing statements, and similar documents), (ii) the modification, restatement, or amendment of any of the terms and conditions of any Exit Financing Credit Document, (iii) the payment of any consideration, and (iv) the payment of indemnitees, fees, costs, expenses, and taxes as any such Authorized Officer, in his or her sole discretion, may deem necessary, appropriate, or advisable (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard) in order to effect the transactions contemplated under any Exit Financing Credit Document, and all acts of any such Authorized Officer taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects.

**No Termination of Existence**

NOW, THEREFORE, BE IT:

RESOLVED, that notwithstanding any provision in the governing documents of any Company, no Company shall be automatically dissolved, nor shall any member or partner of any Company be disassociated, upon the filing of the voluntary petitions or any action taken in accordance with these resolutions.

**Appointment of Carlin Adrianopoli as Executive Vice President of Strategic Planning**

WHEREAS, the Companies are in negotiations with various of their creditors in an effort to reach a consensual restructuring solution that maximizes the value of each Company for all stakeholders through the Restructuring Transactions; and

WHEREAS, each Company listed on **Schedule 1** and **Schedule 2** desires to retain Carlin Adrianopoli as Executive Vice President of Strategic Planning for such Company, effective as of the date upon which the Chapter 11 Cases are filed, to further the Restructuring Transactions.

NOW, THEREFORE, BE IT:

RESOLVED, that the respective Board of each Company listed on **Schedule 1** and **Schedule 2** hereby appoints Mr. Adrianopoli, effective as of the date upon which the Chapter 11 Cases are filed, as such Company's Executive Vice President of Strategic Planning for the purpose of performing the duties and responsibilities of an Executive Vice President and such other duties and responsibilities as may be determined by such Board to be reasonably related thereto; and

RESOLVED, that each of the Authorized Officers of each Company on **Schedule 1** and **Schedule 2** (and their designees and delegates), acting alone or with one or more other Authorized Officers, be, and each of them hereby is, authorized to enter into and execute, on behalf of such Company, (i) any employment agreement with Mr. Adrianopoli to ratify such appointment and/or (ii) such other employment arrangements as may be reasonably related to such appointment.

**General Resolutions**

NOW, THEREFORE, BE IT:

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, or to not take any action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED, that each Company and the respective Board of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waives any right to have received such notice;

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of such Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the respective Board of each Company;

RESOLVED, that to the extent any Company serves as the sole member, general partner, managing member, equivalent manager, or other governing body (each, a "Controlling Company") of any other Company (each, a "Controlled Company"), each Authorized Officer of such Controlling Company, as applicable, is authorized, empowered and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of each such applicable Controlled Company; and

RESOLVED, that the respective Board of each Company hereby adopts, as if expressly set forth herein, the form of any resolution required by any authority to be filed in connection with any applications, consents to service, issuer's covenants or other documents if (i) in the opinion of any Authorized Officers (or his or her designees and delegates) executing the same, the adoption of such resolutions is necessary or desirable and (ii) the Secretary of such Company evidences such adoption by inserting in the minutes of this meeting copies of such resolutions, which will thereupon be deemed to be adopted by such Board with the same force and effect as if presented at this meeting.

* * * * *

**Schedule 1**

1.      Citizens Capital Ventures Corp., a Delaware corporation

2.      Citizens Directory Services Company L.L.C., a Delaware limited liability company

3.      Citizens Louisiana Accounting Company, a Delaware corporation

4.      Citizens Newcom Company, a Delaware corporation

5.      Citizens Newtel, LLC, a Delaware limited liability company

6.      Citizens Pennsylvania Company LLC, a Delaware limited liability company

7.      Citizens SERP Administration Company, a Delaware corporation

8.      Citizens Telecom Services Company L.L.C., a Delaware limited liability company

9.      Citizens Telecommunications Company of California Inc., a California corporation

10.     Citizens Telecommunications Company of Idaho, a Delaware corporation

11.     Citizens Telecommunications Company of Illinois, an Illinois corporation

12.     Citizens Telecommunications Company of Montana, a Delaware corporation

13.     Citizens Telecommunications Company of Nebraska, a Delaware corporation

14.     Citizens Telecommunications Company of Nebraska LLC, a Delaware limited liability company

15.     Citizens Telecommunications Company of Nevada, a Nevada corporation

16.     Citizens Telecommunications Company of New York, Inc., a New York Corporation

17.     Citizens Telecommunications Company of Oregon, a Delaware corporation

18.     Citizens Telecommunications Company of the White Mountains, Inc., a Delaware corporation

19.     Citizens Telecommunications Company of West Virginia, a West Virginia corporation

20.     Citizens Utilities Capital L.P., a Delaware limited partnership

21.     Citizens Utilities Rural Company, Inc., a Delaware corporation

22.     Commonwealth Communication, LLC, a Delaware limited liability company

23.     Commonwealth Telephone Company LLC, a Pennsylvania limited liability company

24.     Commonwealth Telephone Enterprises, LLC, a Delaware limited liability company

25.     Commonwealth Telephone Management Services, Inc., a Pennsylvania corporation

26.     CTE Holdings, Inc., a Pennsylvania corporation

27.     CTE Services, Inc., a Pennsylvania corporation

28.     CTE Telecom, LLC, a Pennsylvania limited liability company

29.     CTSI, LLC, a Pennsylvania limited liability company

30.     CU Capital LLC, a Delaware limited liability company

31.     CU Wireless Company LLC, a Delaware limited liability company

32.     Electric Lightwave NY, LLC, a Delaware limited liability company

33.     Evans Telephone Holdings, Inc., a Delaware corporation

34.     Fairmount Cellular LLC, a Georgia limited liability company

35.     Frontier ABC LLC, a Delaware limited liability company

36.     Frontier California Inc., a California corporation

37.     Frontier Communications - Midland, Inc., an Illinois corporation

38.     Frontier Communications - Prairie, Inc., an Illinois corporation

39.     Frontier Communications - Schuyler, Inc., an Illinois corporation

40.     Frontier Communications Corporate Services Inc., a Delaware corporation

41.     Frontier Communications ILEC Holdings LLC, a Delaware limited liability company

42.     Frontier Communications of America, Inc., a Delaware corporation

43.     Frontier Communications of Ausable Valley, Inc., a New York corporation

44.     Frontier Communications of Breezewood, LLC, a Pennsylvania limited liability company

45.     Frontier Communications of Canton, LLC, a Pennsylvania limited liability company

46.     Frontier Communications of Delaware, Inc., a Delaware corporation

47.     Frontier Communications of Depue, Inc., an Illinois corporation

48.     Frontier Communications of Georgia LLC, a Georgia limited liability company

49.     Frontier Communications of Illinois, Inc., an Illinois corporation

50.     Frontier Communications of Indiana LLC, an Indiana limited liability company

51.     Frontier Communications of Lakeside, Inc., an Illinois corporation

52.    Frontier Communications of Lakewood, LLC, a Pennsylvania limited liability company

53.    Frontier Communications of Michigan, Inc., a Michigan corporation

54.    Frontier Communications of Mississippi LLC, a Mississippi limited liability company

55.    Frontier Communications of Mt. Pulaski, Inc., an Illinois corporation

56.    Frontier Communications of New York, Inc., a New York corporation

57.    Frontier Communications of Orion, Inc., an Illinois corporation

58.    Frontier Communications of Oswayo River LLC, a Pennsylvania limited liability company

59.    Frontier Communications of Pennsylvania, LLC, a Pennsylvania limited liability company

60.    Frontier Communications of Rochester, Inc., a Delaware corporation

61.    Frontier Communications of Seneca-Gorham, Inc., a New York corporation

62.    Frontier Communications of Sylvan Lake, Inc., a New York corporation

63.    Frontier Communications of the Carolinas LLC, a Delaware limited liability company

64.    Frontier Communications of the South, LLC, an Alabama limited liability company

65.    Frontier Communications of the Southwest Inc., a Delaware corporation

66.    Frontier Communications of Thorntown LLC, an Indiana limited liability company

67.    Frontier Communications of Virginia, Inc., a Virginia corporation

68.    Frontier Communications Online and Long Distance Inc., a Delaware corporation

69.    Frontier Communications Services Inc., an Arizona corporation

70.    Frontier Directory Services Company, LLC, a Delaware limited liability company

71.    Frontier Infoservices Inc., a Connecticut corporation

72.    Frontier Midstates Inc., a Georgia corporation

73.    Frontier Mobile LLC, a Delaware limited liability company

74.    Frontier North Inc., a Wisconsin corporation

75.    Frontier Security Company, a Delaware corporation

76.    Frontier Subsidiary Telco LLC, a Delaware limited liability company

77.    Frontier Techserv, Inc., a Delaware corporation

78.     Frontier West Virginia Inc., a West Virginia corporation

79.     GVN Services, a California corporation

80.     Navajo Communications Co., Inc., a New Mexico corporation

81.     N C C Systems, Inc., a Texas corporation

82.     Newco West Holdings LLC, a Delaware limited liability company

83.     Ogden Telephone Company, a New York corporation

84.     Phone Trends, Inc., a New York corporation

85.     Rhinelander Telecommunications, LLC, a Wisconsin limited liability company

86.     Rib Lake Cellular for Wisconsin RSA #3, Inc., a Wisconsin corporation

87.     Rib Lake Telecom, Inc., a Wisconsin corporation

88.     SNET America, Inc., a Connecticut corporation

89.     TCI Technology & Equipment LLC, a Delaware limited liability company

90.     The Southern New England Telephone Company, a Connecticut corporation

91.     Total Communications, Inc., a Connecticut corporation

## Schedule 2

1.      Citizens Telecommunications Company of Minnesota, LLC, a Delaware limited liability company

2.      Citizens Telecommunications Company of Tennessee L.L.C., a Delaware limited liability company

3.      Citizens Telecommunications Company of Utah, a Delaware corporation

4.      Frontier Communications Corporation, a Delaware corporation

5.      Frontier Communications Northwest Inc., a Washington corporation

6.      Frontier Communications of Iowa, LLC, an Iowa limited liability company

7.      Frontier Communications of Minnesota, Inc., a Minnesota corporation

8.      Frontier Communications of Wisconsin LLC, a Wisconsin limited liability company

9.      Frontier Florida LLC, a Florida limited liability company

10.     Frontier Southwest Incorporated, a Delaware corporation

11.     Frontier Video Services Inc., a Delaware corporation

## **Schedule 3**

1.        Frontier Services Corp., a Delaware corporation

**Schedule 4**

1.     Frontier Telephone of Rochester, Inc., a New York corporation